IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK DOWNEY; and the
ESTATE OF VIRGINIA DOWNEY                                              PLAINTIFFS

V.                          CASE NO. 5:19-CV-05124

UNITED STATES OF AMERICA;
WILLIAM P. BARR, United States
Attorney General; UNITED STATES
ATTORNEY RICHARD W. MOORE;
and CEO DOUG MCMILLON                                                  DEFENDANTS

## OPINION AND ORDER

Plaintiff Mark Downey ("Downey"), acting *pro se*, filed this case alleging federal question jurisdiction. Downey sought leave to proceed *in forma pauperis* ("IFP"). His IFP application was granted. This case is now before the Court for pre-service screening pursuant to the IFP statute, 28 U.S.C. § 1915.

### I. BACKGROUND

Downey is a citizen of Virginia, and it is unclear from his filings why he chose to file this action in the Western District of Arkansas. The Complaint (Doc. 2) is eighty-eight pages long. The Complaint actually appears to be a compilation of a number of separate complaints. The first complaint is five pages long and lists only the United States as the Defendant—although there is an erroneous "et al." notation. The first complaint purports to be asserting a *qui tam*[1] claim under the False Claims Act and a whistleblower claim

---

[1] "*Qui tam* is short for the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, which means who pursues this action on our Lord the King's behalf as well as his own." *Vermont Agency of Nat. Res.v. United States ex rel Stevens*, 529 U.S. 765,

1

under the Dodd-Frank Act for the purpose of "generat[ing] revenues for the Federal Government to dramatically reduce the mounting $21 Trillion Federal Budget Deficit . . . 70% for the Federal Government and 30% for the Disabled[2] Plaintiff." *Id.* at 4. Downey alleges he has submitted 80,000 pages of claims that were denied. *Id.* He maintains that the denial of the claims illegally destroyed five years of his work. *Id.* He asserts that the "unjustified Whistleblower claim denial recourse is to file suit." *Id.*

A second complaint starts on page six. (Doc. 2 at 6). Downey alleges subject matter jurisdiction based on a violation of the Eighth Amendment and a myriad of federal statutes. *Id.* at 8-11. He also alleges subject matter jurisdiction under various federal criminal statutes. *Id.* at 11. Downey seeks damages in the amount of "$486 Billion Revenues x 60% Walmart Foreign Products = $291.6 Billion" plus treble damages for a total of "$874.8 Billion Counts (45), 900M Disabled Plaintiff Compensation, 30%, $262.71 Billion." *Id.* at 12.

A third complaint, or compilation of motions, starts on page fourteen. (Doc. 2 at 14). Mark Downey and the Estate of Virginia Downey are listed as Plaintiffs. *Id.* The

---

768 n. 1 (2000) (internal quotation marks omitted). "A *qui tam* statute effectively assigns part of the government's interest to a relator so that the relator has standing to assert an injury suffered by the government." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (citing *Vermont Agency of Nat. Res.*, 529 U.S. at 772-74). In this case, it does not appear that Plaintiff's claims qualify as a *qui tam* action as he is bringing the claims against the government rather than against a third party. Moreover, nonlawyer relators lack standing to prosecute *qui tam* actions. *United States ex rel. Hixson v. Health Mgmt. Sys., Inc.*, 657 F. Supp. 2d 1039, 1059-60 (S.D. Iowa 2009), *aff'd*, 613 F.3d 1186 (8th Cir. 2010).

[2] Plaintiff does not indicate how he is disabled but refers to the obligation to provide accommodations to him and the Americans with Disabilities Act. It is not clear what connection, if any, the alleged disability has with the causes of action asserted.

addition of the Estate of Virginia Downey as a plaintiff in the case is apparently based on the alleged pain and suffering Downey suffered when his submissions were denied while he was caring for his terminally ill mother. The Defendants are listed as: United States, Attorney General William Barr; United States Attorney Richard W. Moore; and Doug McMillion, the Chief Executive Officer of Wal-Mart. *Id.* Thereafter, the pleading contains a motion to quash sovereign immunity, a motion to accommodate the disabled, a motion to expedite and seal, and a motion to refer the criminal case to the United States Attorney. *Id.* at 17. The motions are not separate documents and instead just flow successively. *See, e.g., id.* at 22.

A fourth complaint starts on page twenty-five. (Doc. 2 at 25). This complaint lists the same parties as the third complaint. Downey first asserts that as a former federal forensic scientist/technologist/programmer, he is qualified as an industry expert and expert witness in a number of areas, including the legal industry, federal and state law enforcement, government procurement, and government administration and systems. *Id.* at 26. In the area of the fourth complaint where Downey lists the parties, he states that the Defendant is the "retail company Wal-Mart Corporation." *Id.* Downey next lists the general counsels of the United States Government Accountability Office (GAO), the Bureau of Fiscal Service, the Department of Justice, and the Federal Trade Commission. *Id.* at 27. Downey alleges all general counsels unjustly denied his claims, failed to respond to his calls, e-mails, and letters, and deliberately and unethically applied a six-month statute of limitations to his claims. *Id.* at 28. Downey alleges he is acting under whistleblower programs with the Internal Revenue Service, the Securities Exchange

Commission, and the United States Commodity Futures Trading Commission (CFTC) "for qui tam, the False Claims Act and the Dodd Frank Act to recover numerous massive cost-overruns, excessive spending, delinquent accounts, fraud and undiscovered revenue recovery." *Id.* at 29.

According to Downey, he "worked for 5 years, 15-hours-a-day with NO Compensation, resulting in 80,000 pages; almost 600,000 submissions." *Id.* at 30. Instead of the government working with him, Downey maintains "the entire Federal Government orchestrated a [W]ar to decimate all of his efforts to Balance the Federal Budget." *Id.*

A fifth complaint begins at page thirty-three. In it, Downey informs the Court that he believes the complaint will satisfy the pleading rules and be decided on the merits. (Doc. 2 at 31-33). Downey maintains that almost 600,000 of his submissions were rejected. *Id.* at 37. He contends this is "criminal" and the jury will be outraged. *Id.* Downey sets forth in forty-five counts various federal and state laws that have allegedly been violated in connection with his submission of whistleblower claims. *Id.* at 39-85.

## II. LEGAL STANDARD

Downey, a non-prisoner, has been given leave to proceed IFP. On initial review, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke*

v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014)(internal quotation marks and citation omitted).

However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

The unwieldly Complaint, while verbose, contains little in the way of factual content. Instead, the crux of the Complaint is that Downey spent five years of his life making submissions under various whistleblower statutes to a number of federal agencies. All of his submissions were denied, unjustly in his view. He also maintains the majority of his submissions were deleted or destroyed, which he characterizes as destruction of government property, withholding of information, and spoliation of evidence. He maintains that all the acts alleged support a conspiracy claim.

Downey now seeks compensation for the five years he claims he spent trying to recover money that could have been utilized to pay on the national debt. In his view, his

submissions are meritorious, and he should be paid 30% of the damage award that should be awarded, which, by his estimate, is the sum of $262.71 Billion.

The Complaint contains no factual information about the alleged "submissions;" instead, Downey describes his whistleblowing activities in only the most generic terms, such as complaints of cost overruns, mismanagement, abuse of authority, and gross waste of funds by the federal government. No specific examples of wrongdoing are offered; no projects or contracts are referenced; no contractors or government employees are named; no dates are provided. Other than Downey's recitation of facts regarding Wal-Mart's market share and the amount of goods it imports, there are no specific factual allegations made regarding Wal-Mart. In short, the Complaint contains no description of the actual events or specific acts or omissions of any of the named Defendants.

The Court finds it unnecessary to separately address the dozens of federal statutes, most of them wholly inapplicable, cited by the Downey. *Pro se* plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl.*, 550 U.S. at 570. Here, other than Downey's description of the work he put into making the submissions to the various agencies and the failure of various agencies, elected officials, and/or government employees to return his calls, e-mails, and letters, the Complaint is just one unsupported conclusory allegation after the other. The sheer lack of factual content coupled with the vague, conclusory, and ambiguous nature of the complaint dictates the dismissal of the case. Fed. R. Civ. P. 8(a) (complaint must include a short and plain statement of the claim and a showing the plaintiff is entitled to relief); Fed. R.

Civ. P. 8(d)(1) (each allegation must be "simple, concise, and direct"). The Court does not believe that allowing an amendment would cure the defects in the Complaint.

The Court notes that a standing order was entered against Downey on March 26, 2019, in the case of *Downey v. United States, et al.*, No. 1:19-cv-233 (E.D. Va. March 26, 2019, Doc. 16). The order enjoins Downey from "filing future matters before" the Eastern District of Virginia. If Downey desires to file an action with the Eastern District of Virginia, there are certain steps he must take to obtain leave of the Court to do so.

The Court also notes that according to PACER's[3] case locator, Downey has filed twenty-nine actions against the United States since June 19, 2019. A number of these cases have already been dismissed, at least in part, pursuant to § 1915(e)(2). *See, e.g., Downey v. United States, et al.*, No. 19-11414 (D. Mass. June 28, 2019, Doc. 6) (claims against United States, based on virtually the same allegations, dismissed for failure to state a claim); *Downey v. United States*, No. 19-22678 (S.D. Fla. July 1, 2019, Doc 4) (case, based on virtually the same allegations, dismissed for failure to state a claim); *Downey v. United States, et al.*, No. 19-1872 (D. Md. July 8, 2019, Doc. 4) (case, based on virtually the same allegations, dismissed for failure to state a claim); *Downey v. United States, et al.*, No. 19-cv-6480 (W.D.N.Y. July 10, 2019, Doc. 4) (case, based on virtually the same allegations, dismissed for failure to state a claim).

## IV. CONCLUSION

For the reasons stated, the Court finds that this case is subject to dismissal under 28 U.S.C. § 1915(e)(2), as the claims asserted are frivolous, malicious, or fail to state

---

[3] Public Access to Court Electronic Records.

claims upon which relief may be granted.  This case is **DIMISSED WITHOUT PREJUDICE.**

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.

**IT IS SO ORDERED** on this 15th day of August, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE